**Norman Quincy WRIGHT, Plaintiff-Appellant,**

v.

**Gentry CROWELL, et al., Defendants-Appellees.**

**No. 81–5011.**

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs March 16, 1982.

Decided March 19, 1982.

Norman Quincy Wright, pro se.

William M. Leech, Jr., Atty. Gen. of Tennessee, Nashville, Tenn., for defendants-appellees.

Before LIVELY and KEITH, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM..

█ This is a civil rights action brought pursuant to 42 U.S.C. § 1983 in which a Tennessee State prisoner sought damages from the Secretary of State of Tennessee and various election commissioners on the ground that he had been deprived of his right to vote. The district court dismissed the action on the ground that his constitutional claims had become moot by reason of a consent order entered in another district. On a motion to reconsider the district court found that the plaintiff had made no effort to vote in the May 6, 1980 primary, that his original complaint referred to the November 1980 general election which was covered by the consent order previously referred to, and denied the motion for reconsideration.

On appeal the plaintiff contends that his action was not rendered moot by the consent decree and that his constitutional right to vote in the May 6th primary was infringed. Though he has proceeded *pro se* from the beginning of this action, he also appeals from the order of the district court denying his motion for attorney fees.

█ Upon consideration of the record on appeal and the briefs of the parties the court concludes that the district court did not err in denying the plaintiff's claim for

damages. We also affirm the holding of the district court that a *pro se* litigant is not entitled to an award of attorney fees under 42 U.S.C. § 1988.

The judgment of the district court is affirmed.