**Frank GONZALEZ, Plaintiff-Appellant,**

v.

**William E. KANGAS, et al., Defendants-Appellees.**

No. 85–2012.

United States Court of Appeals, Ninth Circuit.

April 17, 1987.

Frank Gonzalez, pro se.

Evelyn R. Epstein, Phoenix, Ariz., for defendants-appellees.

Before KILKENNY, CHOY, and ANDERSON, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant, a pro se prisoner, seeks an award of attorney fees in his 42 U.S.C. § 1983 action against appellees, prison officials. Although appellant is not an attorney, he seeks an award of attorney fees for his time spent litigating his pro se civil rights action, in which he claimed, *inter alia,* denial of access to the prison law library. On appeal, he was successful in obtaining a reversal of the summary judgment granted against him in the lower court on his library access claim. The sole issue is whether a nonattorney appellant, when successful, is entitled to an award of attorney fees under 42 U.S.C. § 1988.

The Ninth Circuit has not passed directly on this issue. However, other circuits have considered the problem and have unanimously held that in these circumstances attorney fees cannot be allowed under the Civil Rights Act. *See Redding v. Fairman,* 717 F.2d 1105, 1120 (CA7 1983) (prisoner action challenging constitutionality of disciplinary procedures), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984); *Turman v. Tuttle,* 711 F.2d 148, 149 (CA10 1983) (prisoner action claiming due process, equal protection violations); *Pitts v. Vaughn,* 679 F.2d 311, 312–13 (CA3 1982) (prisoner action claiming due process violations); *Wright v. Crowell,* 674 F.2d 521, 522 (CA6 1982) (per curiam) (prisoner action claiming deprivation of right to vote); *Cofield v. City of Atlanta,* 648 F.2d 986, 987–88 (CA5 1981) (employment discrimination action); *Lovell v. Snow,* 637 F.2d 170, 171 (CA1 1981) (prisoner action seeking damages for loss of property); *Davis v. Parratt,* 608 F.2d 717, 718 (CA8 1979) (per curiam) (prisoner action claiming denial of reasonable access to law library).

**1412**

*Brandenburger v. Thompson,* 494 F.2d 885 (CA9 1974), cited by appellant as authority for payment of attorney fees, is not in point and in no way supports his position. There the court awarded attorney fees to the American Civil Liberties Union and specified that "the award should be made directly to the organization providing the services *to ensure against a windfall to the litigant." Id.* at 889 (emphasis supplied). The court also indicated that "the existence of an attorney-client relationship" is a prerequisite to an award of attorney fees. *See id.* Although the above-quoted language is probably dicta, it quite clearly indicates that the Ninth Circuit would not favor an award of attorney fees to a litigant such as the pro se appellant here, and we so hold.

## CONCLUSION

Consequently, the appellant's motion for attorney fees must be denied.

IT IS SO ORDERED.