883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
PRO-GUARD, INC., Defendant-Appellee.
 No. 89-5443.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff May appeals from the district court's order denying May's motion to amend the judgment and for attorney's fees in this diversity and employment discrimination case. 28 U.S.C. Sec. 1332; 42 U.S.C. Sec. 2000(e) et seq. May also moves to certify questions to the Supreme Court under 28 U.S.C. Sec. 1254(3). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After various proceedings, the district court dismissed this case for failure to prosecute. May filed an untimely notice of appeal, and this court dismissed the appeal for lack of jurisdiction.
 
 
 4
 May then filed his motion to amend the judgment and for attorney's fees. The district court denied the motion. May filed a notice of appeal, and this court docketed the appeal. The district court subsequently filed an amended order changing a typographical error concerning the date of the court's judgment in this case.
 
 
 5
 Fed.R.Civ.P. 60(a) governs clerical mistakes in district court orders. Where, as here, the order is corrected after the appeal is docketed, the correction can be made with leave from the appellate court. Upon consideration, we grant leave to the district court to amend its order to correct the typographical error.
 
 
 6
 May filed his motion to amend the judgment and for attorney's fees under Fed.R.Civ.P. 52(a) and (b). Under this rule, the motion was untimely. Therefore, we will construe the motion as filed under Fed.R.Civ.P. 60(b). Such a motion is appealable in and of itself. Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). The appeal does not bring up the underlying judgment for review. 717 F.2d at 1020. The standard of review is abuse of discretion. 717 F.2d at 1020.
 
 
 7
 In this circuit, pro se litigants may not receive an award of attorney's fees in civil rights cases. 42 U.S.C. Sec. 1988; Wright v. Crowell, 674 F.2d 521, 522 (6th Cir.1982) (per curiam). Because the attorney's fees issue is the only issue raised in May's motion, the motion is without merit. The district court did not abuse its discretion when it denied the motion.
 
 
 8
 The motions to certify questions are denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. We take judicial notice of the fact that plaintiff May files numerous motions for reconsideration and other post-judgment motions in his appeals. Therefore, we order the clerk's office to refuse any further filings in this case because such filings would serve no useful purpose. Fed.R.App.P. 2.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation