Justice Stevens
delivered the opinion of the Court.
The question is whether an attorney who represents himself in a successful civil rights action may be awarded “a reasonable attorney’s fee as part of the costs” under 42 U. S. C. § 1988.[1]
Petitioner is licensed to practice law in Florida. In 1980, he requested the Kentucky Board of Elections (Board) to place his name on the Democratic Party’s primary ballot for the office of President of the United States. Because the members of the Board concluded that he was not a candidate who was “generally advocated and nationally recognized” within the meaning of the controlling Kentucky statute, Ky. *434 Rev. Stat. Ann. § 118.580 (Michie 1982) (repealed in 1982), the Board refused his request.
Petitioner filed a successful action on his own behalf in the District Court, challenging the constitutionality of the Kentucky statute. Kay v. Mills, 490 F. Supp. 844, 852-853 (ED Ky. 1980). The District Court held that the statute was invalid and entered an injunction requiring that petitioner’s name appear on the ballot. Id., at 855. Two years later, the Kentucky General Assembly repealed the statute. In 1986, however, it enacted an identically worded statute, Ky. Rev. Stat. Ann. §118.581 (Michie 1982 and Supp. 1988). In 1987, petitioner again requested that his name appear on the primary ballot, and when the Board initially refused his request, petitioner again brought suit in the District Court, and prevailed.[2] This time, however, he requested a fee award under 42 U. S. C. § 1988.[3]
The District Court denied petitioner’s request for attorney’s fees under § 1988 based on Falcone v. IRS, 714 F. 2d 646 (CA6 1983), cert. denied, 466 U. S. 908 (1984).[4] App. *435 to Pet. for Cert. 14a. The United States Court of Appeals for the Sixth Circuit affirmed. 900 F. 2d 967 (1990). The majority read the language of the statute as assuming the existence of “a paying relationship between an attorney and a client.” Id., at 971. Moreover, it concluded that the purpose of the statute was best served when a plaintiff hired an objective attorney — rather than serving as both claimant and advocate — to provide a “filtering of meritless claims.” Ibid. The dissenting judge emphasized the statutory goals of promoting lawsuits that protect civil rights and relieving the prevailing party of the burdens of litigation. Id., at 972-973.
We granted certiorari, 498 U. S. 807 (1990), to resolve the conflict among the Circuits on the question whether a pro se litigant who is also a lawyer may be awarded attorney’s fees under § 1988. The Circuits are in agreement, however, on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney’s fees.[5] Petitioner does not disagree with these cases, see Brief for Petitioner 9, n. 4, and we are also satisfied that they were correctly decided. The question then is whether a lawyer who represents himself should be treated like other pro se litigants or like a client who has had the benefit of the advice and advocacy of an independent attorney.
We do not think either the text of the statute or its legislative history provides a clear answer. On the one hand, petitioner is an “attorney,” and has obviously handled his professional responsibilities in this case in a competent manner. On the other hand, the word “attorney” assumes an agency *436 relationship,[6] and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988.[7] Although this section was no doubt intended to encourage litigation protecting civil rights, it is also true that its more specific purpose was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights.[8]
*437 In the end, we agree with the Court of Appeals that the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations. We do not, however, rely primarily on the desirability of filtering out meritless claims. Rather, we think Congress was interested in ensuring the effective prosecution of meritorious claims.
Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness.[9] He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The *438 adage that “a lawyer who represents himself has a fool for a client” is the product of years of experience by seasoned litigators.
A rule that authorizes awards of counsel fees to pro se litigants —even if limited to those who are members of the bar— would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.
The judgment of the Court of Appeals is affirmed.

It is so ordered.

 The Civil Rights Attorney’s Fees Awards Act of 1976, Pub. L. 94-559, 90 Stat. 2641, as amended, 42 U. S. C. § 1988.

 When the Board determined that petitioner was the same person who had successfully challenged Kentucky’s primary election law in 1980, the Board added petitioner’s name to the ballot. The Magistrate found that the case was not moot at that point because “[t]he laws in question remain on the books and the problem posed for voters and future candidates, including the [petitioner], remains unsolved without action.” App. to Pet. for Cert. 20a-21a (citation omitted).

 Petitioner requested both costs and an attorney’s fee and was awarded the former, but not the latter. Only the attorney’s fee is at issue before us.

 In Falcone, the Court of Appeals declined to award attorney’s fees to a pro se attorney in a successful action under the Freedom of Information Act (FOIA), 5 U. S. C. § 552. The Court of Appeals reasoned that attorney’s fees in FOIA actions were inappropriate because the award was intended “to relieve plaintiffs with legitimate claims of the burden of legal costs” and “to encourage potential claimants to seek legal advice before commencing litigation.” 714 F. 2d, at 647. The court relied on the fact that “[a]n attorney who represents himself in litigation may have the necessary legal expertise but is unlikely to have the ‘detached and objective *435 perspective’ necessary to fulfill the aims of the Act.” Ibid, (citation omitted).

 See, e. g., Gonzalez v. Kangas, 814 F. 2d 1411 (CA9 1987); Smith v. DeBartoli, 769 F. 2d 451, 453 (CA7 1985), cert. denied, 475 U. S. 1067 (1986); Turman v. Tuttle, 711 F. 2d 148 (CA10 1983) (per curiam); Owens-El v. Robinson, 694 F. 2d 941 (CA3 1982); Wright v. Crowell, 674 F. 2d 521 (CA6 1982) (per curiam); Cofield v. Atlanta, 648 F. 2d 986, 987-988 (CA5 1981); Lovell v. Snow, 637 F. 2d 170 (CA1 1981); Davis v. Parratt, 608 F. 2d 717 (CA8 1979) (per curiam).

 The definition of the word “attorney” in Webster’s Dictionary reads as follows:
“[0]ne who is legally appointed by another to transact business for him; specif: a legal agent qualified to act for suitors and defendants in legal proceedings.” Webster’s New Collegiate Dictionary 73 (1975).
Other dictionaries, both popular and specialized, also emphasize the agency relationship between an attorney and his client in their definitions of “attorney.” See, e. g., American Heritage Dictionary 140 (Second College ed. 1982) (“A person legally appointed to act for another, esp. an attorney at law”); Black’s Law Dictionary 128 (6th ed. 1990) (“[A]n agent or substitute, or one who is appointed and authorized to act in the place or stead of another. An agent, or one acting on behalf of another”); 1 Compact Edition of the Oxford English Dictionary 553 (1981 ed.) (“One appointed or ordained to act for another; an agent, deputy, commissioner”).

 Petitioner argues that because Congress intended organizations to receive an attorney’s fee even when they represented themselves, an individual attorney should also be permitted to receive an attorney’s fee even when he represents himself. However, an organization is not comparable to a pro se litigant because the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship.

 Both the Senate and House Reports explain that the attorney’s fee provision was intended to give citizens access to legal assistance so that they could enforce their civil rights:
“In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, . . . then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.” S. Rep. No. 94-1011, p. 2 (1976).
The House Report, accompanying a bill that was similar in wording to the enacted Senate bill, expressed the same concern:
“Because a vast majority of the victims of civil rights violations cannot afford legal counsel, they are unable to present their cases to the courts. In *437 authorizing an award of reasonable attorney’s fees, [this bill] is designed to give such persons effective access to the judicial process where their grievances can be resolved according to law.” H. R. Rep. No. 94-1558, p. 1 (1976).
In their hearings, both Senate and House Subcommittees focused on the need of average citizens to be able to afford lawyers so that they could protect their rights in court. See, e. g., Legal Fees, Hearings before the Subcommittee on Representation of Citizen Interests of the Senate Committee on the Judiciary, 93d Cong., 1st Sess., pp. 1-2, 3-4, 273 (1973) (addressing question whether coal miners were receiving adequate legal coverage); id., at 466, 470-471, 505-509, 515 (addressing question whether veterans were denied legal assistance by $10 contingent fee); id., at 789, 808-810 (Indians’ access to lawyers); id., at 1127, 1253-1254 (average citizen cannot afford attorney); Awarding of Attorneys’ Fees, Hearings before the Subcommittee on Courts, Civil Liberties, and the Administration of Justice of the House Committee on the Judiciary, 94th Cong., 1st Sess., pp. 60,189,192, 254-256, 292, 328 (1975) (private citizens needed fee-shifting provisions to be made whole again).

 The ABA Model Code of Professional Responsibility (1977) describes the potential conflict:
“The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.” EC 5-9.