42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest V. GONZALES, Plaintiff-Appellant,
v.
Tom AGNOS, Sheriff, Maricopa County, Defendant-Appellee.
 No. 93-17368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest V. Gonzales, an Arizona state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. Sec. 1983 action against the Maricopa County sheriff. Gonzales contends the district court erred by (1) finding no constitutional violation after jail officials deprived Gonzales of legal materials; (2) failing to sanction the defendant for discovery violations; (3) denying Gonzales' motion to amend; and (4) granting summary judgment without resolving his remaining discovery motions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Sanchez v. Vild, 891 F.2d 240, 241-2 (9th Cir.1989), and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted). Conclusory allegations unsupported by admissible evidence are insufficient to defeat a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 4
 Gonzales first contends that jail officials removed Gonzales' excess legal materials after a state judge informed the jail that Gonzales had been appointed advisory counsel. Upon Gonzales' later return to pro per status his legal materials were returned, but Gonzales states that a case index and several motions had disappeared. Gonzales contends that the deprivation of his case index, which took him a number of months to compile, is equivalent to the denial of meaningful access to the courts through an adequate law library. We disagree.
 
 
 5
 Pre-trial detainees must be allowed "meaningful access" to the courts. Leeds v. Watson, 630 F.2d 674, 675-76 (9th Cir.1980). While adequate law libraries are one acceptable method of assuring meaningful access to the courts, alternative methods may also suffice. See Bounds v. Smith, 430 U.S. 817, 830-31 (1977). The Constitution does not guarantee a prisoner unlimited access to a law library, and prison officials of necessity must regulate the time, manner, and place in which library facilities are used. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989).
 
 
 6
 Here, while Gonzales may have been deprived of part of his legal research, the record indicates that he was not denied meaningful access to the courts. The undisputed facts show that Gonzales was not deprived of all of his legal materials, and that during the period in question, a court appointed attorney was available to assist him had Gonzales sought his advice.
 
 
 7
 Gonzales also contends that the loss of his prepared motions constitutes denial of meaningful access to the courts because the state court denied his "quickly prepared replacements." The record does not support this contention. Gonzales filed the "replacement motions" in state court over a four month period in which he had sufficient time to prepare replacements. Gonzales never requested additional time from the state court in order to prepare the replacements, nor did he inform the state court that he had a problem preparing them. Moreover, at least one of the motions succeeded in obtaining the relief requested: copies of Gonzales' medical records. Because the facts do not support his claim that he was denied access to the courts, Gonzales' mere allegation of harm, without more, was insufficient to withstand defendant's properly supported summary judgment motion. See Taylor, 880 F.2d at 1045. Accordingly, the district court properly granted summary judgment on Gonzales' access to the courts claim. See id. ; cf. Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989) (temporary deprivation of legal materials, even if they are not replaced, does not rise to constitutional proportion).
 
 
 8
 Second, Gonzales contends that the district court erred by failing to sanction the defendant for discovery violations. This contention lacks merit.
 
 
 9
 The district court granted Gonzales' motion to compel answers to interrogatories after concluding the defendant's answers were inadequate. The district court did not abuse its discretion by later denying Gonzales' motion for entry of a default judgment against defendant as a sanction. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir.1988) (per curiam) (Fed.R.Civ.P. 37 sanctions). The court also did not err by denying Gonzales' motion to sanction defendants by awarding attorney fees to Gonzales, because nonattorneys are not entitled to attorney fees. See Gonzales v. Kangas, 814 F.2d 1411 (9th Cir.1987).
 
 
 10
 Third, Gonzales contends the district court erred by denying his motion to amend his complaint. This contention lacks merit.
 
 
 11
 We review the denial of leave to amend after a responsive pleading has been filed for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). The policy favoring leave to amend should be liberally construed when applied to a pro se plaintiff's complaint. See Fed.R.Civ.P. 15(a); Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir.1989), cert. denied, 498 U.S. 850 (1990).
 
 
 12
 Our review indicates the district court did not abuse its discretion by denying Gonzales' motion for leave to amend because the proposed amended complaint was duplicative, and nothing indicates that the amendment would have advanced the progress of this litigation. See id. at 798-99.
 
 
 13
 Finally, Gonzales contends the district court erred by granting summary judgment prior to ruling on his pending motions to compel discovery. This contention lacks merit.
 
 
 14
 Under Fed.R.Civ.P. 56(f), the district court may continue a motion for summary judgment to allow additional discovery by a party opposing summary judgment. Liberty Lake Inv., Inc. v. Magnuson, 12 F.3d 155, 160 (9th Cir.1993). Our review of the record, however, indicates that Gonzales did not file a Rule 56(f) motion requesting a stay. Instead, Gonzales opposed the summary judgment motion with numerous pleadings and evidence. Moreover, Gonzales failed to show how additional discovery from either the production of documents or the interrogatories would have assisted him in opposing summary judgment. See California Union Ins. v. American Diversified Savings Bank, 914 F.2d 1271, 1278 (9th Cir.1990), cert. denied, 489 U.S. 1088 (1991). Accordingly, the district court did not abuse its discretion by failing to consider Gonzales' additional motions to compel discovery before granting summary judgment. Id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Gonzales' request for additional time to submit briefing supporting oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3