46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Steven GROOVER, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO SHERIFF'S DEPARTMENT; City of San Diego
Police Department; Drug Enforcement Agency; San
Diego County District Attorney's Office,
et al., Defendants-Appellees.
 No. 94-55573.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge; HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Steven Groover appeals pro se the district court's dismissal of his action brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against the Drug Enforcement Agency ("DEA"), two DEA agents and an informant ("individual defendants"), and others. The district court dismissed the action against the DEA pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, ruling that the DEA was immune from suit. The court dismissed the action as to the individual defendants pursuant to Fed. R. Civ. P. 4(j) for failure to serve them properly within 120 days after the filing of the complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291,[1] and affirm.
 
 
 3
 Groover contends that the district court erred by dismissing his action against the DEA. We may affirm the district court's dismissal on any basis in the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993). The Supreme Court has recently held that Bivens does not provide for a cause of action against a federal agency. Federal Deposit Ins. Corp. v. Meyer, 114 S.Ct. 996, 1006 (1994). Therefore, the district court did not err by dismissing Groover's Bivens action against the DEA for failure to state a claim. See id.
 
 
 4
 Groover further contends that he timely served the individual defendants. In the alternative, he contends that the individual defendants waived their right to challenge his service of process by not objecting to it at the time he first attempted service of process. We will address these contentions in turn.
 
 
 5
 We review for abuse of discretion a district court's dismissal of a complaint pursuant to former Rule 4(j).[2] Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987). Former Rule 4(j) provided that an action shall be dismissed without prejudice if the defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show cause why service was not made within 120 days. Fed. R. Civ. P. 4(j); Townsel, 820 F.2d at 320.
 
 
 6
 Where money damages are sought through a Bivens claim, personal service, and not constructive service, is necessary to obtain jurisdiction over a defendant in his individual capacity. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). Because a Bivens action can only be maintained against a defendant in his or her individual capacity, personal service is required. Id. Groover filed this action on October 21, 1991. He attempted service on the individual defendants once prior to April 21, 1992, the end of the 120-day service period. On October 25, 1991, he attempted service on the DEA defendants by serving copies of the complaint and summonses on a DEA employee at the DEA office in San Diego. Service on this non-defendant employee did not constitute effective personal service on the individual defendants.[3] See id.
 
 
 7
 Groover's alternative contention that the individual defendants waived their right to contest their service also lacks merit. Fed. R. Civ. P. 12(b)(h)(1) provides that the defense of insufficiency of process is waived if not timely raised in a pre-answer motion under Rule 12 or in the answer to a complaint. Rule 12 does not limit the time in which the pre-answer motion must be made as long as it is timely filed with respect to the complaint it addresses. See Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1340-41 (9th Cir. 1976). Here, in its first pre-answer motion, the DEA timely moved to dismiss the action as to the individual defendants for lack of proper service. The fact that the DEA did not move on behalf of the individual defendants, who never made an appearance in the case, at the time Groover first attempted ineffective service on them did not bar the district court from considering whether service was timely made. See id. Accordingly, the district court did not abuse its discretion by dismissing this action against the individual defendants for improper service.[4]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court's April 11, 1994 order dismissing Groover's complaint with leave to amend his claim against the DEA is appealable because the ground for dismissal was not subject to cure by amendment. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n.1 (9th Cir. 1984). After Groover failed to amend the complaint within the time alloted by the district court, the dismissal of the complaint was converted to a final order of dismissal and was appealable. See Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir. 1989)
 
 
 [2]
 Due to recent amendments to Rule 4, effective December 1, 1993, former Rule 4(j) now appears as Rule 4(m). We, however, refer to the rules that were in effect at the time the district court made its ruling concerning the individual defendants
 
 
 [3]
 We need not address Groover's argument that the DEA informant was properly served under California law, which Groover asserts provides for service at an individual's place of work, because the DEA informant was not a regular employee of the DEA
 
 
 [4]
 Attorney's fees are not awardable to pro se litigants. Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987). Accordingly, Groover's motion for attorney's fees on appeal is denied