47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie COOPER, Plaintiff-Appellant,
v.
Peter VIDOR, et al., Defendants-Appellees.
 No. 94-1699.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Ronnie Cooper, a pro se Michigan prisoner, appeals a district court judgment entered on a jury verdict in favor of the defendants on Eighth Amendment claims and in favor of Cooper on Fourteenth Amendment Claims in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Cooper sued Pete Vidor, Assistant Deputy Warden at Ionia Correctional Facility (ICF); Larry Butkus, Shift Commander at ICF; David Culp, Correction Shift Supervisor at ICF; Troy Carroll, Resident Unit Officer at ICF; and Tom Ward, Resident Unit Officer at ICF, contending that the defendants violated Cooper's Eighth and Fourteenth Amendment rights. Cooper's complaint arose from three incidents that occurred between June 8 and July 29, 1990. On each occasion, force was used against Cooper by several of the defendants. Following the application of the force, Cooper received medical attention from other defendants. He alleged that the defendants subjected him to cruel and unusual punishment when they used force against him and were deliberately indifferent to his serious medical needs following the incidents.
 
 
 3
 The magistrate judge recommended that the defendants' motion for summary judgment be granted on the medical treatment claims and denied on the excessive force claims. The district court adopted that recommendation by opinion and order dated April 28, 1992.
 
 
 4
 The case proceeded to trial on May 31, June 1, 2 and 3, 1994. The trial concluded in a verdict in favor of all the defendants on the Eighth Amendment claims, in favor of Cooper and against defendant Butkus in the amount of $250 on the Fourteenth Amendment claim, and in favor of Cooper and against defendant Vidor in the amount of $500 on the Fourteenth Amendment claim. In a separate order, defendant Culp was dismissed with prejudice. Cooper did not move for a new trial or file any other post-judgment motions.
 
 
 5
 On appeal, Cooper raises the following issues: 1) whether the district court's instructions on damages were erroneous; 2) whether he is entitled to attorney's fees as a prevailing party; and 3) whether the evidence was insufficient to show a violation of Cooper's Eighth Amendment rights.
 
 
 6
 Upon review, we affirm the district court's judgment on the jury's verdict. Cooper's argument that the district court erred in its instructions on damages is not reviewable by this court. In the absence of an express objection to the instructions, a reviewing court may only review the instructions for plain and prejudicial error. Drey v. Wilson, 832 F.2d 950 (6th Cir.1987). In his appellate brief, Cooper implicitly concedes that he failed to object to the jury instructions at trial. No plain and prejudicial error has been shown. Moreover, Cooper filed no motion for a new trial or any post-judgment motion in the district court, which inaction militates against this court's review of the jury instructions on appeal. Jones v. Lewis, 957 F.2d 260, 263 (6th Cir.), cert. denied, 113 S.Ct. 125 (1992).
 
 
 7
 The Supreme Court in Haines v. Kerner, 404 U.S. 519, 520-21 (1972), stated that the pleadings of pro se litigants are held to a less stringent standard than formal pleadings drafted by lawyers. The courts, however, do not recognize an exception for pro se litigants to the requirement that a new trial motion must be filed and ruled upon by the district court before an appeals court can hear a claim regarding jury instructions. We decline to adopt such an exception in this case.
 
 
 8
 Cooper is not entitled to attorney's fees as a prevailing party. Pro se litigants are not entitled to recover attorney's fees. Wright v. Crowell, 674 F.2d 521, 522 (6th Cir.1982) (per curiam).
 
 
 9
 Finally, Cooper's claim that the evidence was insufficient to support the jury's verdict on the Eighth Amendment claim is without merit. The only genuine issues of material fact were properly presented to the jury, i.e., whether the defendants subjected Cooper to cruel and unusual punishment in their use of force on June 8, July 28, and July 29, 1990. These issues were ones that could be resolved only by a factfinder's evaluation of the credibility of witnesses. This court cannot weigh that evidence, evaluate the witnesses or substitute its judgment for that of the jury; rather, this court is required to view the evidence in a light most favorable to the defendants, giving the defendants the benefit of all reasonable inferences. Nida v. Plant Protection Ass'n Nat'l, 7 F.3d 522, 527 (6th Cir.1993); Lewis v. City of Irvine, 899 F.2d 451, 454-55 (6th Cir.1990). Thus, reviewing this case as one made on appeal from the denial of a motion for judgment as a matter of law, we conclude that the district court properly entered judgment in favor of the defendants upon the jury's verdict on the Eighth Amendment claim.
 
 
 10
 Accordingly, the district court's judgment on the jury's verdict is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.