50 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert YOUNG, Plaintiff-Appellant,
v.
Daniel J. McCARTHY, et al., Defendants-Appellees.
 No. 94-15663.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Young, a California state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in his 42 U.S.C. Sec. 1983 action. The district court granted summary judgment for the defendants on the basis of qualified immunity. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's grant of summary judgment de novo, Tipton v. University of Haw., 15 F.3d 922, 925 (9th Cir.1994), and affirm.
 
 
 3
 Young contends that (1) he was denied due process in connection with his placement in administrative segregation pending investigation of a charge that he assaulted another prisoner, (2) he was denied due process at the prison disciplinary proceeding on the assault charge, (3) there was a genuine issue of material fact regarding the expungement of the record of conviction for the disciplinary violation, and (4) the district court erred by dismissing his requests for declaratory relief, injunctive relief, and attorney's fees. These contentions lack merit and will be addressed in turn.
 
 
 4
 A. Administrative Segregation Pending Investigation
 
 
 5
 Prisoners do not have a liberty interest in remaining within the general prison population under the Due Process Clause. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). California state law, however, has created a liberty interest in freedom from administrative segregation. Toussaint v. McCarthy, 801 F.2d 1080, 1097-99 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). When prison officials place a prisoner in administrative segregation pending completion of an investigation of misconduct charges against him, due process is satisfied by an informal, nonadversarial review of the information supporting the administrative confinement within a reasonable time after confinement. Id. at 1099.
 
 
 6
 On November 24, 1983, Young was placed in administrative segregation pending the investigation of charges that he assaulted another prisoner. He was informed of the reason for his segregation at the time of his placement by Sgt. Galindo, a prison officer. On December 10, Young received a hearing relating to his administrative segregation and the assault charges pending against him. This hearing was provided within a reasonable time after Young was placed in administrative confinement. See McFarland v. Cassady, 779 F.2d 1426, 1427-28 (9th Cir.1986) (prisoner afforded due process with respect to placement in administrative segregation for investigative purposes where he received a hearing regarding charges against him 35 days after being segregated). This hearing was all that was necessary to comport with the due process required after placement in segregation. See Hewitt, 459 U.S. at 472; Toussaint, 801 F.2d at 1099.
 
 
 7
 Contrary to Young's assertion, the defendants' admitted noncompliance with time limits set forth in state regulations for providing a prisoner with a copy of a rule violation report and a classification hearing did not amount to a denial of due process. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994) ("If state procedures rise above the floor set by the due process clause, a state [can] fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny" (quoting with approval, Rogers v. Okin, 738 F.2d 1, 8 (1st Cir.1984))); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir.1989).
 
 B. Disciplinary Hearing
 
 8
 We may affirm the district court's judgment on any basis in the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 9
 Where there is no deprivation of a liberty interest, there is no entitlement to a due process hearing. See Soderback v. Siles, 610 F.2d 643, 646 (9th Cir.1979).
 
 
 10
 Here, there could have been no constitutional violation regarding the process afforded Young in connection with his disciplinary hearing on the assault charge because there was no deprivation of a liberty interest resulting from the disciplinary proceeding. See Soderback, 610 F.2d at 646. Young served no time in administrative segregation as "punishment" for the assault charge because the time he had already spent in administrative segregation pending the investigation and hearing on the assault charge was credited towards and covered the entire ten-day period of punishment. In addition, Young did not lose good time credits or work credits, and the disciplinary charge was expunged from his prison record following a successful administrative appeal.[1]
 
 C. No Genuine Issue of Material Fact
 
 11
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin, 974 F.2d at 1059. The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 12
 Contrary to Young's assertion in his opening brief, there was no genuine issue of fact regarding the expungement from his prison record of the rule violation report, known as a "CDC 115," and related references to the report. Prior to granting summary judgment, the district court determined that the report and all references to the dismissed disciplinary action had been expunged from Young's prison record, except for one regarding dismissal of the charge to which Young does not object. In addition, the district court enjoined defense counsel to prohibit access, in the absence of prior notice to Young and approval by the court, to contested documents that had been removed from Young's file and transferred to the Office of the Attorney General of the State of California. Young failed to support his allegations that his prison record still contained references to the disciplinary charge and that the dismissed disciplinary charge was relied on by the Board of Prison Terms in deciding whether he was suitable for parole. Accordingly, the district court did not err by finding there was no genuine issue of material fact with regard to the expungement of the CDC 115 and related references from Young's prison record.
 
 
 13
 D. Injunctive Relief, Declaratory Relief, and Attorney's Fees
 
 
 14
 Young's request for injunctive relief regarding the expungement of the CDC 115 and related references from his prison record is moot because, as discussed above, the CDC 115 and related references have already been deleted. See Burlington Northern R.R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1244 (9th Cir.1991). In addition, Young's request for declaratory relief did not survive the summary judgment on his due process claims. Finally, even assuming that Young requested attorney's fees, the district court did not err by not awarding fees to Young. See Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir.1987) (attorney's fees are not awardable to pro se litigants).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because there was no deprivation of liberty resulting from Young's disciplinary hearing, we need not address whether the defendants were entitled to qualified immunity in connection with the disciplinary hearing or whether, in the alternative, the due process requirements for disciplinary hearings set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) were met