**Harold Dean TURMAN, Plaintiff,**

**Richard C. Wood, Plaintiff-Appellant,**

v.

**Harold TUTTLE, Buck Friend, Vivian Hawvery and Charles Marriott, Defendants-Appellees.**

No. 83–1169.

United States Court of Appeals, Tenth Circuit.

June 28, 1983.

Richard C. Wood, pro se.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Richard Cedric Wood appeals a district court order denying him attorney's fees under 42 U.S.C. § 1988.

Mr. Wood, an inmate at the Fremont Correctional Facility, Canon City, Colorado, brought a 42 U.S.C. § 1983 action against prison employees seeking to redress alleged due process and equal protection violations. Mr. Wood presented his contentions during a hearing before a magistrate. After considering the evidence, the magistrate found that Mr. Wood's civil rights had been violated when photographic material ordered by Mr. Wood was returned to the sender by defendants Tuttle and Marriott, prison employees who worked in the mail room. (Defendants apparently considered the material to be obscene.) The magistrate recom-

mended that Mr. Wood be awarded $0.65 actual and $25 punitive damages. The district court adopted the magistrate's findings and awarded Mr. Wood $25.65.

Mr. Wood thereafter moved, as the prevailing party in a § 1983 action, for an award of attorney's fees under 42 U.S.C. § 1988. The district court denied the motion because Mr. Wood was not an attorney. This appeal followed.

The majority of the circuits which have considered awards of attorney's fees under § 1988 to pro se movants have denied the awards. *Owen v. Lash,* 682 F.2d 648 (7th Cir.1982); *Pitts v. Vaughn,* 679 F.2d 311 (3d Cir.1982); *Cofield v. City of Atlanta,* 648 F.2d 986 (5th Cir.1981); *Lovell v. Snow,* 637 F.2d 170 (1st Cir.1981); *Davis v. Parratt,* 608 F.2d 717 (8th Cir.1979). This finding seems to comport with the policy underlying § 1988, which appears to have been implemented not to compensate pro se litigants but to enable litigants with valid claims to present their claims without having to bear the burden of the costs. 1976 U.S.Code Cong. & Ad.News 5908–5914.

Pursuant to the purpose of § 1988, then, Mr. Wood is not entitled to receive attorney's fees even though he prevailed in the underlying § 1983 action.

AFFIRMED. The mandate shall issue forthwith.