989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 C.D. MOSIER, Plaintiff-Appellant,
v.
Gary MAYNARD, D.O.C.; Dan Reynolds, Warden, Defendants-Appellees.
 No. 92-6322.
 United States Court of Appeals, Tenth Circuit.
 March 19, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On January 4, 1990, appellant C.D. Mosier (Mosier) filed a complaint pursuant to 42 U.S.C. § 1983 to permanently restrain and enjoin Gary Maynard (Maynard), Director of the Oklahoma Department of Corrections (DOC) from humiliating him or discriminating against him in the the exercise of his exemption from the inmate grooming standards (hair grooming code) by virtue of his religious belief as a native American Cherokee Indian. Mosier asserts that he must wear long hair to worship the Great Spirit.
 
 
 3
 This is the third appeal taken by Mosier from Case No. CIV-90-14-T. The first appeal, No. 91-6199, resulted in a remand for further proceedings. The second appeal, No. 91-637, again resulted in a remand with directions that a preliminary injunction be entered until final disposition of the case be made, with instructions that the district court could require Mosier to seek an exemption from the grooming code.
 
 
 4
 On August 21, 1992, the district court entered an Order denying Mosier's prayer for injunctive relief as moot because Mosier had been granted a grooming code exemption. See Order in CIV-90-14-T attached hereto.
 
 
 5
 On appeal, Mosier contends that the district court improperly entered the Order of August 21, 1992, because he was not afforded a hearing and further because the district court did not issue formal findings of fact or conclusions of law.
 
 
 6
 We will not disturb a district court order unless we are convinced that the court has committed clear error and we are convinced that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364 (1948).
 
 
 7
 Mosier has not demonstrated that he was entitled to a hearing. This court remanded to the district court with instructions that the court require Mosier to apply for an exemption from the hair grooming code. Mosier did apply and he was granted an exemption which is valid throughout the DOC system. With the grant of said exemption, Mosier's case has been rendered moot.
 
 
 8
 Mosier also contends that the district court was required to render formal written findings of fact and conclusions of law. Under Fed.R.Civ.P. Rule 52(a), it is sufficient if the district court's findings and conclusions appear in the district court's opinion or memorandum of decision. Here, the district court clearly stated its reason for dismissal of the action, i.e., "plaintiff applied for and was granted a grooming code exemption."
 
 
 9
 Finally, Mosier contends that the district court erred in assigning this case to a magistrate judge. The record shows that the district court did refer the case to a magistrate judge to hear and determine pretrial matters, authorized under 28 U.S.C. § P 616(b)(1)(A). However, even that order was vacated and all actions and decisions taken in the district court subsequent to the issuance of summons were made by United States District Judge Ralph E. Thompson. No abuse of discretion has been demonstrated.
 
 
 10
 We AFFIRM.
 
 ATTACHMENT
 
 11
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 12
 C.D. MOSIER, Plaintiff,
 
 
 13
 v.
 
 
 14
 GARY MAYNARD, DEPARTMENT OF CORRECTIONS, DAN REYNOLDS,
 
 
 15
 WARDEN, Defendants.
 
 
 16
 CIV-90-14-T.
 
 ORDER
 
 17
 Plaintiff, C.D. Mosier, brought this action for injunctive relief to challenge application of the religious exemption provisions of the Department of Corrections' ("DOC") grooming code. Since plaintiff filed his action on January 4, 1990, DOC has changed the grooming code three times. Pursuant to the latest change, plaintiff applied for and was granted a grooming code exemption. In light of plaintiff's exemption, his request for injunctive relief is moot.
 
 
 18
 In a document filed June 10, 1992, plaintiff requested an award of $5.00 per hour for the 423 hours expended by him in pursuing his case in this court. Id. at 5. This request for an award of fees is denied. As a pro se litigant, plaintiff is not entitled to an award of fees pursuant to 42 U.S.C. § 1988. Kay v. Ehrler, --- U.S. ----, 111 S.Ct. 1435, 1437 (1991); Turman v. Tuttle, 711 F.2d 148, 149 (10th Cir.1983). Plaintiff is, however, entitled to costs pursuant to 28 U.S.C. § 1920. By copy of this order, the court directs the Clerk of the Court to furnish plaintiff with the forms necessary for filing his bill of costs.
 
 
 19
 IT IS SO ORDERED this 21st day of August, 1992.
 
 
 20
 /s/Signature illegable
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3