13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Russell E. FREEMAN, Plaintiff-Appellant,
v.
Frank GUNTER, Lou Hesse, Joe Paolino, George Sullivan,
Dennis Burbank, Tom Misel, Greg Bodakian, in their
official and individual capacities and
severally and jointly,
Defendants-Appellants.
 No. 93-1355.
 United States Court of Appeals, Tenth Circuit.
 Dec. 28, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Plaintiff-appellant Russell Freeman, appearing pro se and in forma pauperis, appeals from the district court dismissal of his 42 U.S.C.1983 action. We have jurisdiction under 28 U.S.C. 1291 and we reverse.
 
 
 2
 The parties are familiar with the facts and issues presented in this appeal and we will not restate them here. Briefly, Mr. Freeman brought suit against officials of the prison in which he is incarcerated, alleging that he was wrongly confined to maximum security for possession of a dangerous weapon. The district court adopted the magistrate's recommendation of dismissal pursuant to 28 U.S.C.1915(d), reasoning that Mr. Freeman had presented no facts under which he would be entitled to relief.
 
 
 3
 We review dismissals under 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). It is uncontroverted that Mr. Freeman, in self-defense, wrested a knife from a fellow inmate. Whether Mr. Freeman therefore was in possession of a dangerous weapon, in violation of prison regulations, is another matter. Mr. Freeman contends that the district court used the two Martinez reports to resolve disputed issues of fact, contrary to Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). The district court recognized that, absent "some evidence" that Mr. Freeman came into physical possession of the knife and proceeded to aggravate the situation, his violation of the prison regulation prohibiting possession of a dangerous weapon could not stand. See Superintendent v. Hill, 471 U.S. 445, 454 (1985). The district court reluctantly concluded, however, that the prison administrative record contained "some evidence," although it would have decided the case differently.
 
 
 4
 We have reviewed the administrative record and feel that the district court could only reach its conclusion based upon the testimony of a correctional officer who neither saw, nor had personal knowledge of, the altercation. The correctional officer's testimony therefore does not provide "some evidence" of wrongful possession, particularly in view of the prison review board's determination that Mr. Freeman was innocent on the assault charge because he was not the aggressor.
 
 
 5
 REVERSED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument