28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard WRIGHT, Plaintiff-Appellant,
v.
Larry FIELDS; R. Michael Cody; Phil Gilstrap; Michael D.
Parsons, Defendants-Appellees.
 No. 94-6043.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1994.
 
 1
 Before TACHA, BRORBY and EBEL, C.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Wright, a state inmate and pro se litigant, appeals the dismissal of his civil rights suit against prison officials. We affirm.
 
 
 4
 Challenges to the Oklahoma Department of Corrections grooming policy have come before this court several times. E.g., Mosier v. Maynard, 937 F.2d 1521 (10th Cir.1991), rev'g opinion on remand sub. nom. Longstreth v. Maynard, 961 F.2d 895 (10th Cir.1992), aff'g opinion on remand sub. nom. Mosier v. Maynard, 989 F.2d 507 (10th Cir.) (table citation, unpublished opinion), cert. denied, 114 S.Ct. 260 (1993).
 
 
 5
 Until recently, the Department has had a general prohibition against beards, mustaches, and male hair longer than three inches in length. Through various amendments to the policy, the Department attempted to provide a constitutionally proper religious exemption for males whose religious beliefs require the practice of wearing long hair.
 
 
 6
 Mr. Wright applied for a religious exemption under Department procedures in effect after Oct. 8, 1992. As grounds for the exemption, Mr. Wright stated: "[W]e are supposed to be christ like in every way of life. Christ has always been portrayed as having long hair & beard. The cutting of my hair would be a severance of my saviour and myself and would not allow me to reach the point of oneness with my saviour." The Department's review committee denied the exemption on Apr. 15, 1993, finding a lack of sincere religious belief. Mr. Wright then challenged the constitutionality of the Department's religious exemption policy in district court seeking declaratory and injunctive relief.
 
 
 7
 On November 10, 1993, the Department rescinded its prior policy in favor of a flexible grooming code based on personal hygiene and appearance, not on a specified hair length. On January 13, 1994, the district court ordered Mr. Wright's claim dismissed without prejudice as moot. Specifically, the court found:
 
 
 8
 Plaintiff's own allegations establish that his claims are limited to a challenge to the constitutionality of the [grooming] Code and the exemption procedure. Because of the rescission of the Code, Plaintiff is no longer subject to its requirements or to the issues presented by his challenge to the exemption procedure. Nor is there any indication that he will be subject to these same requirements in the future.
 
 
 9
 Report and Recommendation of 12/27/93 at 3, adopted in its entirety, Order of Dismissal of 1/13/94.
 
 
 10
 Mr. Wright's arguments on appeal do not dissuade us from the same conclusion. Judgment AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470