56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cornelius MAPLE, Jr., Plaintiff-Appellant,
and
Cornelius MAPLE, Jr., Guardian of the Estate of Martin
Luther Reed and Next Friend of Martin L. Reed, Jr.
and Tanzell Reed, sons, Plaintiff,
v.
James DUNHAM, Director, Board of Corrections, Defendant-Appellee.
 No. 94-7089.
(D.C. No. CV-94-327)
 United States Court of Appeals, Tenth Circuit.
 May 31, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The instant appeal apparently is related to Reed v. Dunham, 893 F.2d 285 (10th Cir.1990), a case in which this court affirmed the district court's dismissal of all aspects of a 42 U.S.C.1983 claim brought by plaintiff Cornelius Maple, Jr. and a coplaintiff Martin Luther Reed, except for its dismissal of Reed's deliberate indifference claim. That aspect was vacated and remanded for further proceedings. The current appeal by plaintiff Maple arose out of a new complaint he filed June 1, 1994, in which he asserted that Reed had died, that plaintiff was acting as guardian of the estate of Reed and next friend to Reed's two sons, seeking what appears to be a hearing on Reed's deliberate indifference claim. Plaintiff also sought attorney's fees for being a coplaintiff in the Reed v. Dunham action and personally handling its legal aspects. The district court dismissed the complaint on the basis of the statute of limitations, that plaintiff was not a worthy guardian for the Reed children, and that the action "is defective for other reasons as well." R. tab 4.
 
 
 3
 On appeal the only argument plaintiff makes is that he is entitled to attorney's fees, inasmuch as he claims to have been "at all times the counsel of record" in Reed v. Dunham. The record is so sparse that we do not know whether there ever was a hearing on remand pursuant to this court's earlier decision, whether and, if so, when there were any other proceedings on behalf of Dunham or his children. There is one thing fatal to plaintiff's claim, however, and that is that persons acting pro se, or who are not licensed to practice law, may not be awarded attorney's fees in these civil rights actions, no matter how successful their efforts might have been. See Turman v. Tuttle, 711 F.2d 148 (10th Cir.1983). See also Kay v. Ehrler, 111 S.Ct. 1435 (1991) (even a lawyer acting pro se cannot be awarded fees under 42 U.S.C.1988).
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470