**UNITED STATES COURT OF APPEALS**
**Filed 6/6/96**
**TENTH CIRCUIT**

RICK DEAN PETRICK,

  Plaintiff-Appellant,

v.

LARRY A. FIELDS, DAN REYNOLDS,
JOE PRAYTOR,

  Defendants-Appellees.

No. 95-6290
(D.C. No. Civ-92-1684-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Appellant Rick Dean Petrick appeals the district court's order to pay Fed. R. Civ. Pro. 11 sanctions in the amount of $150. The Rule 11 award arises out of a 42 U.S.C. § 1983 civil rights action which Petrick brought in 1992, seeking $90,000 in damages against Appellees, who are various administrators in the Oklahoma prison system, for denying Petrick adequate medical care. The district court adopted the magistrate's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

recommendation that Petrick's action be dismissed, and we affirmed. Petrick later submitted a request to the district court for attorney's fees and court costs. The court denied this request, and at the same time imposed Rule 11 sanctions in the amount of $150, which Appellees claimed was the value of the time they spent responding to Petrick's request for fees and costs. Petrick now appeals the court's awarding Rule 11 sanctions. We affirm.[1]

We review the district court's Rule 11 determination for an abuse of discretion. Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir. 1992). In order to avoid Rule 11 sanctions, a pro se party's actions must be objectively reasonable. White v. General Motors Corp., 908 F.2d 675, 680 (10th Cir. 1990), cert. denied, 498 U.S. 1069 (1991). Although we recognize that Petrick, as a prisoner appearing pro se, does not enjoy the training or resources of an attorney, we do not find that the court abused its discretion in awarding sanctions below. Pursuant to 42 U.S.C. § 1988, attorney's fees may be awarded to the prevailing party in a suit under 42 U.S.C. § 1983. Similarly, costs under 28 U.S.C. §§ 1920 and 1921 are permitted only for the prevailing party. See Fed. R. Civ. P. 54(d). However, as Petrick's lawsuit was dismissed by the district court, he clearly was not a prevailing party. Furthermore, we have held that pro se Section 1983 litigants are not entitled to attorney's fees, even when they prevail. See Turman v. Tuttle, 711 F.2d 148, 149 (10th Cir. 1983). Finally, because Appellees presented an affidavit that they spent

---

[1] We grant Petrick's motion to proceed in forma pauperis on appeal.

1.5 hours of work worth $100 an hour defending Petrick's attorney's fees request, we find no abuse of discretion in the court's decision to sanction Petrick $150. This amount reflects resources expended in defending this appeal. At the same time, this sanction should also serve as a deterrent against similarly meritless litigation without being overly excessive for Petrick.

On appeal, Petrick raises several arguments concerning why he should not be subject to Rule 11 sanctions. First, he argues that he did not realize that he was not a prevailing party because he thought that the outcome of the underlying litigation was a "draw." However, Petrick could not have reasonably believed that he was entitled to attorney's fees on his Section 1983 action unless he was actually a "prevailing party" and there is nothing in this record to suggest that Petrick could reasonably have believed he was a prevailing party. Second, Petrick argues that we should not hold him to the same standards as a professional attorney. Although we accommodate a distinction in the resources and training of attorneys and pro se litigants in several contexts, we find no abuse of discretion in the court's sanctions award here. Third, Petrick argues that the $150 award is excessive and therefore subjects him to cruel and unusual punishment in violation of the Eighth Amendment. However, we consider the $150 award to be a rational one for the reasons expressed above. Fourth, Petrick argues the courts are using Rule 11 as a tool to intimidate prisoners from bringing lawsuits, which violates his equal protection rights. Petrick presents no evidence, however, that courts award Rule 11

sanctions against prisoners more often than they do against attorneys. Finally, Petrick argues that the sanction award is inappropriate in light of the fact that he did not "victimize" either the Appellees or the court. The fact is, however, that both the Appellees and the court expended resources to adjudicate a claim that was not well grounded in fact and law.[2]

Finding no abuse of discretion, we AFFIRM the district court's imposition of the $150 Rule 11 sanction on Petrick. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2] Petrick in his brief also expresses further issues, which raise arguments related to the ones addressed above. We have given thought to all the issues which Petrick raises throughout his brief and reject each issue not expressly addressed above as frivolous.