**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MAURICE B. MOORE,

　　　　　Plaintiff-Appellant,

v.

U.S. BUREAU OF PRISONS and
UNITED STATES OF AMERICA,

　　　　　Defendants-Appellees.

No. 97-3006
(D.C. No. 89-3121-RDR)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this appeal, appellant Maurice B. Moore contends that he was awarded insufficient damages in his suit against the United States Bureau of Prisons brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (FTCA). This case arises out of appellant's loss of personal property during his transfer to the Federal Correctional Institution at Milan, Michigan. The district court found that the contents of a large envelope belonging to appellant were lost as the result of the negligence of a government employee or employees. It awarded appellant the sum of $500.00, for the loss of "legal research papers accumulated over years, affidavits, a letter and other personal papers." Memorandum and Order, R., doc. 166 at 8 (Oct. 31, 1996).

Appellant contends that the $500.00 award is insufficient. We will uphold the district court's finding concerning the amount of damages unless it is clearly erroneous. See Deasy v. United States, 99 F.3d 354, 359 (10th Cir. 1996). "This standard is a stringent one . . . . Trial courts are vested with broad discretion in awarding damages, and appellate courts do not lightly engage in a review of a trial court's actions." Hoskie v. United States, 666 F.2d 1353, 1354 (10th Cir. 1981).

After the pretrial order in this case, more than seven years after he filed his original complaint, appellant alleged for the first time that the lost envelope contained two sworn affidavits from police officers indicating that he had been

beaten into confessing to the crimes for which he was incarcerated. Appellant now argues that his damages are at least $8,637.00, the amount he claims he has had to spend to obtain reversal of his conviction in his state criminal case. He asserts that had he not lost the affidavits, he could have set aside his guilty plea on the basis that his confession was involuntary, and could also have obtained a civil judgment for the injuries he received.

In FTCA cases, damages are determined by the law of the state where the tortious act was committed. See 28 U.S.C. § 1346(b); United States v. Haskin, 395 F.2d 503, 507 (10th Cir. 1968). Under Michigan law, a plaintiff must prove not only that the defendant is liable to him, but also that he is entitled to the amount of damages he seeks. See Joerger v. Gordon Food Serv., Inc., 568 N.W.2d 365, 368 (Mich. Ct. App. 1997). A plaintiff "may recover all damages resulting necessarily, immediately and directly from defendant's breach but may not recover such damages as are contingent, speculative or uncertain." Hayes-Albion v. Kuberski, 311 N.W.2d 122, 127 (Mich. Ct. App. 1981), aff'd in part, rev'd in part on other grounds, 364 N.W.2d 609 (Mich. 1984).

Appellant's valuation of the lost affidavits is unduly speculative, and cannot justify an award of damages in the amount he claims. Appellant supplies no persuasive argument for taxing the costs of obtaining a reversal of his state criminal conviction against the appellees. He presented no testimony at trial,

other than his own conclusory statements, to establish the value of the affidavits, their usefulness in subsequent civil and criminal proceedings, or his likelihood of success in such proceedings in their absence. We therefore reject his argument that he is entitled to $8,637.00 for their loss.

Appellant also seeks compensation, at minimum wage, for the time he spent working on this case. As a pro se plaintiff, appellant is not entitled to attorney's fees for time spent on this case, even at minimum wage. See Kay v. Ehrler, 499 U.S. 432, 438 (1991) (42 U.S.C. § 1988 case); Turman v. Tuttle, 711 F.2d 148, 149 (10th Cir. 1983) (same).

The judgment of the United States District Court for the District of Kansas is therefore AFFIRMED. Appellee's motion to expand the record is GRANTED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-4-