F I L E D
United States Court of Appeals
Tenth Circuit

JAN 8 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RUSSELL EUGENE FREEMAN,

      Plaintiff - Appellant,

v.

FRANK O. GUNTER, LOU HESSE,
JOE PAOLINO, GEORGE E.
SULLIVAN, DENNIS BURBANK,
TOM MISEL, GREG BODAKIAN,
and John Does, all in their official and
individual capacities, severally and
jointly,

      Defendants - Appellees.

No. 97-1232

D. Colorado

(D.C. No. 92-M-1698)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Russell Freeman, an inmate in the Fremont Correctional Facility in Canon City, Colorado, brought this action against several prison officials pursuant to 42 U.S.C. § 1983. The district court dismissed the action and we reversed. Freeman v. Gunter, No. 93-1355, 1993 WL 537743 (10th Cir. Dec 28, 1993). On March 24, 1995, the district court granted in part and denied in part defendants' motion for summary judgment. The court granted summary judgment to defendants on the remaining claim on July 2, 1996. After two defective appeals, Mr. Freeman filed in the district court a motion for award of costs, fees, and expenses, which the district court denied on June 9, 1997.

Mr. Freeman argues that because his suit was nonfrivolous and because he prevailed on part of his claim under the March 24, 1995, order, he is a prevailing party. Therefore, he argues that he, like a nonprisoner prevailing party, is entitled to costs, fees, and expenses pursuant to 42 U.S.C. § 1988 and the Equal Protection Clause of the Fourteenth Amendment.

As a pro se plaintiff, Mr. Freeman is not entitled to attorney's fees for time spent on this case. See Kay v. Ehrler, 499 U.S. 432, 435 (1991); Turman v. Tuttle, 711 F.2d 148, 149 (10th Cir. 1983). Mr. Freeman is also not entitled to fees, costs, and expenses because he errs in his assertion that he is a prevailing

party.  A "plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992); see also Hewitt v. Helms, 482 U.S. 755, 759-61 (1987); Phelps v. Hamilton, 120 F.3d 1126, 1130 (10th Cir. 1997).  A party may also prevail if he or she achieves "comparable relief through a consent decree or settlement."  Farrar, 506 U.S. at 111.  Mr. Freeman did not obtain actual relief on any of his claims, nor was there a settlement in this case.

Therefore, Mr. Freeman is not a prevailing party, and the district court's denial of his motion for award of costs, fees, and expenses is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge