133 F.3d 932
 98 CJ C.A.R. 134
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Russell Eugene FREEMAN, Plaintiff-Appellant,
v.
Frank O. GUNTER, Lou Hesse, Joe Paolino, George E. Sullivan,
Dennis Burbank, Tom Misel, Greg Bodakian, and John Does, all
in their official and individual capacities, severally and
jointly, Defendants-Appellees.
 No. 97-1232.
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1998.
 
 Before ANDERSON, McKAY, and LUCERO, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Russell Freeman, an inmate in the Fremont Correctional Facility in Canon City, Colorado, brought this action against several prison officials pursuant to 42 U.S.C. § 1983. The district court dismissed the action and we reversed. Freeman v. Gunter, No. 93-1355, 1993 WL 537743 (10th Cir. Dec 28, 1993). On March 24, 1995, the district court granted in part and denied in part defendants' motion for summary judgment. The court granted summary judgment to defendants on the remaining claim on July 2, 1996. After two defective appeals, Mr. Freeman filed in the district court a motion for award of costs, fees, and expenses, which the district court denied on June 9, 1997.
 
 
 4
 Mr. Freeman argues that because his suit was nonfrivolous and because he prevailed on part of his claim under the March 24, 1995, order, he is a prevailing party. Therefore, he argues that he, like a nonprisoner prevailing party, is entitled to costs, fees, and expenses pursuant to 42 U.S.C. § 1988 and the Equal Protection Clause of the Fourteenth Amendment.
 
 
 5
 As a pro se plaintiff, Mr. Freeman is not entitled to attorney's fees for time spent on this case. See Kay v. Ehrler, 499 U.S. 432, 435 (1991); Turman v. Tuttle, 711 F.2d 148, 149 (10th Cir.1983). Mr. Freeman is also not entitled to fees, costs, and expenses because he errs in his assertion that he is a prevailing party. A "plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992); see also Hewitt v. Helms, 482 U.S. 755, 759-61 (1987); Phelps v. Hamilton, 120 F.3d 1126, 1130 (10th Cir.1997). A party may also prevail if he or she achieves "comparable relief through a consent decree or settlement." Farrar, 506 U.S. at 111. Mr. Freeman did not obtain actual relief on any of his claims, nor was there a settlement in this case.
 
 
 6
 Therefore, Mr. Freeman is not a prevailing party, and the district court's denial of his motion for award of costs, fees, and expenses is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3