**Miguel A. RAMIREZ, Plaintiff—Appellant,**

v.

**Kenny GUINN; et al., Defendants—Appellees.**

**No. 06–16553.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

Miguel A. Ramirez, Ely, NV, pro se.

Susan E. Lee, Esq., AGNV—Office of the Nevada Attorney General, Lilli C. Hitt, Esq., Nevada State General Office, Carson City, NV, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Miguel A. Ramirez, a Nevada state prisoner, appeals pro se from the district

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights by improperly classifying and housing him as a member of a security threat group (STG). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court did not abuse its discretion in denying Ramirez's motion for class certification because Ramirez was not an adequate class representative. *See* Fed.R.Civ.P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others).

The district court did not abuse its discretion in denying Ramirez's request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because Ramirez failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

The district court did not abuse its discretion in denying preliminary injunctive relief because Ramirez did not demonstrate a likelihood of success on the merits and the possibility of irreparable injury. *See Johnson v. California State Bd. of Accountancy,* 72 F.3d 1427, 1429 (9th Cir. 1995).

■ The district court properly dismissed Ramirez's Eighth Amendment claim because Ramirez failed to allege any facts establishing that he had been denied the "minimal civilized measure of life's necessities," or that he had been exposed to a substantial risk of serious harm as a result of the deliberate indifference of prison officials. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court properly dismissed Ramirez's ex post facto and double jeopardy claims because the STG classification system does not impose additional punishment for Ramirez's crimes. *See Russell v. Gregoire,* 124 F.3d 1079, 1083 (9th Cir. 1997) (ex post facto); *United States v. Borjesson,* 92 F.3d 954, 955–56 (9th Cir. 1996) (double jeopardy).

The district court properly denied Ramirez's motion to compel because the requested documents could have compromised prison security interests as well as other prisoners' privacy concerns, and the denial of discovery did not result in "actual and substantial prejudice." *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) (citation omitted).

The district court properly granted summary judgment on Ramirez's First Amendment retaliation claim because Ramirez did not raise a triable issue as to whether defendants' STG classification of Ramirez was based upon a retaliatory motive rather than a legitimate correctional goal. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (indicating that essential element of First Amendment retaliation claim is not satisfied when there is a legitimate correctional goal for action taken).

■ The district court properly granted summary judgment on Ramirez's Equal Protection claim because Ramirez did not raise a triable issue as to whether defendants were motivated by discriminatory intent in adopting and implementing STG classifications and housing decisions. *See FDIC v. Henderson,* 940 F.2d 465, 471 (9th Cir.1991) (stating that a plaintiff in a § 1983 claim alleging a violation of equal protection must prove that the discrimination was intentional).

The district court properly denied Ramirez's request for compensatory damages because Ramirez failed to establish that any injuries he may have sustained were caused by the defendants' violation of his

Fourteenth Amendment rights. *See Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 307–10, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).

The district court did not abuse its discretion in denying Ramirez's request for punitive damages because he failed to establish that defendants acted with an evil motive or reckless indifference to Ramirez's federally protected rights. *See Dubner v. City & Cty. of San Francisco,* 266 F.3d 959, 969 (9th Cir.2001).

■ The district court did not abuse its discretion in refusing to award attorneys fees to Ramirez because pro se civil rights litigants are not entitled to attorneys fees under 42 U.S.C. § 1988. *See Gonzalez v. Kangas,* 814 F.2d 1411, 1411–12 (9th Cir. 1987).

Ramirez contends that the district court failed to notify the parties that they could consent to have a magistrate judge conduct the proceedings. Because the magistrate judge issued only findings and recommendations and not dispositive orders, the parties' consent to the magistrate judge's designation was not required. *See* 28 U.S.C. § 636(b)(1)(B) & (C); *see also Estate of Conners by Meredith v. O'Connor,* 6 F.3d 656, 658 (9th Cir.1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)).

Ramirez's remaining contentions are unpersuasive.

**AFFIRMED.**