**Farideh HAGHAYEGHI, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**GUESS?, INC., Defendant.**

**14–CV–20 JAH (NLS)**

United States District Court, S.D. California.

Signed March 9, 2016

Filed March 10, 2016

Alison E. Wilson, Karen E. Nakon, Michael G. Devlin, Payam Shahian, Hazel S. Chu, Strategic Legal Practices, APC, Los Angeles, CA, Hallen D. Rosner, Rosner, Barry & Babbitt, LLP, San Diego, CA, Matthew R. Mendelsohn, Mazie Slater Katz and Freeman LLC, Roseland, NJ, for Plaintiff.

Darcie Tilly, Michelle C. Doolin, Timothy Dennis Hance, Leo P. Norton, Cooley Godward Kronish LLP, San Diego, CA, for Defendant.

## ORDER DETERMINING DISCOVERY DISPUTE NO. 1

### (Dkt. No. 60)

Hon. Nita L. Stormes, United States Magistrate Judge

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute Number 1.[1] (Dkt. No. 60). For the reasons explained below, the Court **GRANTS** Plaintiff Farideh Haghayeghi's ("Plaintiff") request to compel Defendant Guess?, Inc. ("Defendant") to produce names and contact information in response to certain interrogatories and requests for production of documents. (Dkt. No. 60.)

## I. Background

This is a putative Telephone Consumer Protection Act ("TCPA") class action. Plaintiff alleges Defendant violated the TCPA by sending text messages to consumers nationwide without first obtaining express consent. According to Defendant, the text messages Plaintiff and the putative class received are part of Defendant's loyalty program known as "Guess List," a program that began in 2009 for its retail customers. (Dkt. No. 60–1 at 12.) The case is in the pre-certification discovery phase, and Plaintiff's motion for class certification is due to be filed by April 22, 2016.

On January 18, 2016, the parties filed their request for determination on their first discovery dispute. Plaintiff's Interrogatory Numbers 4, 5, and 16 and Request for Production D, E, and BB seek, among other things, the names and contact information of the people to whom Defendant sent text messages, and the names and contact information of people that Defendant alleges it obtained earlier express consent to send text messages.[2] Specifically, the discovery requests seek the following:

- Interrogatory 4: Provide all information which relates to any text message sent on or after January 1, 2010 .... [including] *the telephone numbers and contact information of each person to whom each text message was sent....*

---

1. Also pending are the parties' Joint Motions for Determination of Discovery Dispute Numbers 2 and 3. The Court will address those motions in separate orders.

2. These requests also seek information in addition to the names and contact information. Defendant already agreed to supplement its responses for that other information. Thus, only the names and contact information are in dispute. (Dkt. No. 60–1 at 6.)

- RFP D: Produce all documents which relate to ... the information requested by Interrogatory 4.... [T]his request requires you to product *all lists, data files, and other documents (in searchable electronic format) which show names or contact information of persons or telephone numbers to which a text message of the type referenced in the interrogatory was sent.*
- Interrogatory 5: ... provide *all information* which relates to any consent which the person gave for each text message sent to them [including the name and contact information of the person who allegedly gave consent]....
- RFP E: Produce all documents which relate to any of the information requested by Interrogatory 5....
- Interrogatory 16: Provide the contact information for each member of the putative Class, as that term is defined in Plaintiff's operative complaint (i.e., "all persons within the United States who received one or more unauthorized text messages sent by or on behalf of Defendant within the four year period prior to the filing of this Complaint until Class Certification").
- RFP BB: Produce, in searchable electronic format, all documents which relate to any of the information requested by Interrogatory 16....

(Dkt. No. 60 at 2–8 (bold and italics in original).)

Defendant opposes Plaintiff's request for further responses. (Dkt. No. 60 at 2.) The parties met and conferred via telephone and by exchanging correspondence and were unable to resolve their dispute. On February 2, 2016, the Court ordered the parties to meet and confer in person in compliance with the undersigned's Chambers Rules. On February 16, 2016, the parties filed their notice of compliance with their in person meet and confer obligations, and they were unable to resolve this dispute. (Dkt. No. 66.)

## II. Discussion

Plaintiff contends the information sought is relevant to class certification issues, including commonality, typicality and numerosity. (Dkt. No. 60 at 9.) Defendant objects to these discovery requests because: (1) Plaintiff's request is premature until after she is deposed and her viability as a class representative is resolved; (2) the information sought is neither relevant nor needed to substantiate the class allegations; (3) putative class members' privacy interests outweigh Plaintiff's need for the information; and (4) the requests are overbroad and so even if the Court orders further responses, limitations should be placed on the scope and a notice and opt-out procedure used. (Dkt. No. 60 at 11–12.)

Plaintiff argues that no basis exists to stay or otherwise delay this discovery until after Defendant takes Plaintiff's deposition. (Dkt. No. 60 at 9.) Plaintiff contends that to the extent Defendant asserts Plaintiff is not a typical class member, the information sought is needed to the investigate experiences of the other class members to determine whether they too were like Plaintiff in not providing prior consent. (Id. at 9–10.) She also points to case law demonstrating that contact information is produced in class actions despite a defendant's privacy and burden objections. (Id. at 10–11 (citing cases).)

Having considered the circumstances and posture of this case, the Court finds Plaintiff's discovery requests are not premature. Defendant contends that Plaintiff may not be an adequate class representative because Plaintiff's discovery responses indicate her sister's name is associated with the Guess List membership that

signed up for text alerts for the phone number at issue. Defendant avers the circumstances surrounding why Plaintiff's sister's name is associated with the phone number is currently a mystery and needs to be further investigated before the names and contact information are produced. In support, Defendant cites cases where courts denied class certification where the plaintiff was found atypical because the phone number was either provided by someone other than the plaintiff or where plaintiff could not recall if he provided his phone number. (Dkt. No. 60–1 at 16, *citing Labou v. Cellco P'ship*, 2014 WL 824225, at *1, *4 (E.D.Cal. Mar. 3, 2014); *see also Ryan v. Jersey Mike's Franchise Sys.*, 2014 WL 1292930, at *7 (S.D.Cal. Mar. 28, 2014).) But Defendant conflates the issue. Even if Plaintiff's claims may be ultimately found atypical when the Court rules on Plaintiff's motion for certification, that does not impact Plaintiff's right to discover relevant information now during the pre-certification discovery period. Additionally, Defendant does not cite any legal authority to support that a plaintiff's deposition must first be taken before names and contact information are produced or that create a priority in the sequence of discovery. Accordingly, Plaintiff's discovery requests are not premature.

The Court also concludes Plaintiff sufficiently demonstrated the information sought is relevant and proportional to the needs of the case. Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See Khalilpour v. CELLCO P'ship*, 2010 WL 1267749, at *2 (N.D.Cal. April 1, 2010) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.") The names and contact information Plaintiff seeks are relevant to certification issues of commonality and typicality. *See e.g., Gaines v. Law Office of Patenaude & Felix, A.P.C.*, 2014 WL 3894348, at *2 (S.D.Cal. June 12, 2014) (outbound dial list is relevant to the issues of, *inter alia*, commonality); *Stemple v. QC Holdings, Inc.*, 2013 WL 10870906, at *4 (S.D.Cal. June 17, 2013) (finding the requested documents relevant to certification issues because it provides Plaintiff a means to ascertain potential class members and substantiating class allegations). Here, the information can be used toward discovery of whether the putative class suffered the same alleged injury of receiving unauthorized text messages from Defendant, and thus would bear on issues of commonality and typicality.[3]

Defendant presents an unavailing argument that the information sought has no bearing on typicality because of Plaintiff's unique circumstances here; namely, that information to date indicates her sister's name is associated with the phone number at issue on the Guess List. (Dkt. No. 60–1 at 17.) Yet again, Defendant's argument puts the cart before the horse. This Court will not attempt to predict whether Plaintiff's claims will be ultimately found atypi-

---

**3.** Although Plaintiff argues the information sought would go to issues pertaining to numerosity, Defendant stated it already agreed to produce information from which numerosity can be determined, which Plaintiff does not dispute.

cal, and accordingly does not find the information lacks relevance on this basis.

Likewise, contrary to Defendant's contention, Plaintiff also explained why the information bears on commonality. Plaintiff must show that Defendant texted Plaintiff and the putative class "(1) using an automated dialer or artificial prerecorded voice; (2) in non-emergency situations and without prior express consent; and (3) on their cellular telephones." *Knutson v. Schwan's Home Serv.*, 2013 WL 3746118, *8, 2013 U.S. Dist. LEXIS 98735, *22 (S.D.Cal. July 15, 2013) (*citing* 47 U.S.C. § 227(b)(1)(A)). Plaintiff explained that the names and contact information of these individuals is relevant to ascertaining whether the putative class members were texted without having given express consent, and the manner in which putative class members were offered consent and provided any such consent. (Dkt. No. 60–1 at 8.) In sum, the Court concludes the discovery Plaintiff seeks is relevant and proportional to the needs of the case.

Defendant also objects to the discovery on grounds of privacy. (Dkt. No. 60–1 at 19.) In support, Defendant points to cases involving third parties' privacy concerns for items such as medical records and documents that could compromise prison security interests and prisoner privacy concerns. Id., *citing Bovarie v. Schwarzenegger*, 2011 WL 719206 at *5–6 (S.D.Cal. Feb. 22, 2011); *Ramirez v. Guinn*, 271 Fed.Appx. 574, 575 (9th Cir. 2008). Defendant also argues the Guess Lists' members' privacy interests are heightened because its Guess List Terms incorporate the company's privacy policy that governs sharing its members' information. Defendant cites its current terms and privacy policy in support. (Id. at 60–1 at 22 and fn. 11.)

The Court has balanced the need of the information against the putative class members' privacy interests, and concludes the information sought by Plaintiff is not particularly sensitive. Unlike the cases relied on by Defendant, disclosing names and contact information does not constitute a serious invasion of privacy and is commonplace in class actions. *Stemple*, 2013 WL 10870906, at *4; *Khalilpour*, 2010 U.S. Dist. LEXIS 43885, at *6–*7 (requiring disclosure of names, addresses and phone numbers because they do not involve revelation of personal secrets, intimate activities, or similar private information). Furthermore, the Guess List privacy policy adds little to the inquiry here because the policy already informs its members that Defendant may disclose their information to comply with legal obligations, including pursuant to a court order. *See* http://shop.guess.com/en/privacypolicy/ at ¶ 3.c.

Defendant also avers if the contact information is ordered produced, a notice and opt out procedure should be used in light of Defendant's privacy obligations to its members. (Dkt. No. 60–1 at 20–21.) The Court also finds this argument unpersuasive. Not only does Defendant's privacy policy inform its members that its information may be disclosed pursuant to a court order, but it also informs members that Defendant may, among other things, make the disclosure of their information all without notice to them. *See* http://shop.guess.com/en/privacypolicy/ at ¶ 3.c. Moreover, a protective order is already in place to protect their privacy interests. (*See* Dkt. No. 40 at 2, ¶ E (protective order entered for the purpose of protecting the confidentiality of, *inter alia*, information that may be protected from public disclosure by a person's right to privacy).) As such, the Court finds the protective order adequately addresses the privacy issues here and no additional opt-out procedure is needed. However, the Court takes into account Defendant's concern that Plaintiff's contact with the putative class members may re-

sult in a disruption of its business by "contacting them out of the blue." (Dkt. No. 60–1 at 18.) Accordingly, the Court **ORDERS** Plaintiff's counsel to inform each putative class member contacted that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again. *See Khalilpour,* 2010 WL 1267749, at *4 (imposing similar limitation on counsel's contact with putative class members).

Lastly, the Court addresses Defendant's contention that Plaintiff's requests are overbroad in scope. Defendant avers other courts have limited contact information productions based on various factors like time-frame, geographic area codes, the type of communication, restricted class definitions, and the manner in which the contact information may be used. (Dkt No. 60–1 at 21.) In particular, Defendant avers the production should be limited as to the time-frame because TCPA regulations require prior express written consent as of October 16, 2013, and the Ninth Circuit recognizes individual issues of consent predominate over TCPA class claims occurring before that date. (Dkt. No. 60–1 at 21.) The Court makes no express finding on this issue because it is not before the Court. But even assuming *arguendo* this conclusion is reached by the District Judge in ruling on a motion for class certification, at this pre-certification juncture the proposed class consists of persons who were sent text messages within four years of filing the complaint (i.e., from January 3, 2010 forward), and so the time-frame here is presently appropriate in scope.

The Court also does not see a need to limit the production based on the other factors, and Defendant does not provide any basis or explanation for how the scope of production should further be narrowed in those respects. Thus, while the Court will grant Plaintiff's motion to compel fur-ther responses in its entirety, if Plaintiff wishes to limit the requests to a reasonable sample size for purposes of efficiency, she may confer with Defendant to do so.

### III. Conclusion

For the forgoing reasons, the Court **GRANTS** Plaintiff's motion to compel further supplemental responses. The Court **ORDERS** that by *March 23, 2016*, Defendant must supplement its responses to Interrogatory Numbers 4, 5, and 16, and Requests for Production of Documents D, E, and BB in accordance with the protective order entered in this case.

**IT IS SO ORDERED.**